[No. 18216.  *En Banc.*  November 18, 1924.]

## M. G. NAYLOR, *Respondent,* v. C. D. MORROW, *Appellant.*[1]

APPEAL (11)—REVIEW—MOOT QUESTION. An appeal from a judgment enjoining the removal from mortgaged premises of a house, the title to which was in controversy, will be dismissed as presenting only a moot question, where it appears from a supplemental transcript that, since the taking of the appeal, the mortgage has been foreclosed and the house in controversy sold.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered February 24, 1923, in favor of the plaintiff, in an action for an injunction, tried to the court. Dismissed.

*F. E. Gordon* and *Grady & Velikanje,* for appellant.

*Holden, Shumate & Cheney,* for respondent.

[1]Reported in 230 Pac. 143.

PER CURIAM.—On December 29, 1920, one Maggie Spencer Naylor was the owner of a 40-acre tract of land situated in Yakima county. On that day she mortgaged the property to the respondent, M. G. Naylor, to secure a loan of $4,000 then made by M. G. Naylor to her. At the time the loan was made, there was a house upon the land occupied by the appellant, C. D. Morrow, who held the real property under a lease from Maggie Spencer Naylor. This house, as between Maggie Spencer Naylor and C. D. Morrow, was the property of Morrow; he having purchased it from her some time in 1918, she making the purchase, as he testified, a condition precedent to the grant to him of a lease of the land. Prior to the expiration of his lease, Morrow began to remove the house from the land. He had moved it into the roadway in front of the property and was proceeding with it to a tract of land of his own a short distance away, when the respondent Naylor, as the mortgagee of the premises, began the present action to enjoin him from so doing, asking as a part of his relief that Morrow be compelled to return the house to its former situation. A temporary injunction preventing the further removal of the house was sought and granted.

Morrow interposed a general demurrer to the complaint, which the court overruled. He then answered, setting up his ownership of the house and averred that he was moving it as of right. The affirmative allegations of the answer were put in issue by a reply. At the trial, Morrow produced a written bill of sale showing a sale of the house by Maggie Spencer Naylor to him at a time antedating the mortgage of the respondent, and the evidence was mainly directed to the question whether the respondent, at the time of the execution of the mortgage, had knowledge of Morrow's

ownership.   On this issue the trial court found that he did not have such knowledge, and further found that the respondent was entitled to have the house returned to its former situation on the land and placed in as good condition as it was prior to its removal.   It thereupon entered a decree requiring and commanding Morrow to return the house to its former position within ten days after the service of the decree upon him and place it in the condition in which he found it prior to its removal; restrained him from thereafter interfering with it; and further ordered that the respondent have judgment against him in the sum of $233.33, with his costs and disbursements of the suit.   The appeal is from this decree.

Prior to the re-argument of this case before this court *En Banc,* the appellant filed a suplemental transcript showing that the respondent had foreclosed his mortgage upon the property and at the sheriff's sale upon execution had bid in the property for an amount in excess of what was due on the mortgage, together with attorney's fees, interest, costs and increased costs, and it therefore follows that the controversy between the parties to this action is terminated and the questions presented on this appeal are moot.  For that reason the respondent's action will be dismissed; neither party to recover costs of the other in this court.